UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STACEY SMOTHERS, individually and
as natural parent and legal guardian of
L.S., a minor child,

    Plaintiffs,

v.

CASE NO.: 6:15-CV-1100-Orl-40DAB

JEANNA CHRISTINE TESSENSOHN;
COCA-COLA ENTERPRISES, INC.; a
foreign corporation; and COCA-COLA
REFRESHMENTS USA, INC., a
foreign corporation,

    Defendants.
_____/

## AGREED RENEWED MOTION TO SEAL, OR IN THE ALTERNATIVE, MOTION FOR IN CAMERA REVIEW, AND SUPPORTING MEMORANDUM OF LAW

Defendant Coca-Cola Refreshments USA, Inc. ("CCR") files this Agreed Renewed Motion To Seal, Or In The Alternative, Motion for In Camera Review, and Supporting Memorandum of Law, seeking to renew its original Motion to Seal [DE 19], and as grounds therefore, state the following:

1. The above-styled action was commenced on behalf of Plaintiffs, Stacey Smothers, individually and as natural parents and legal guardians of L.S., a minor child, as a result of an accident which occurred on April 27, 2011. As a result of the accident, Plaintiff, L.S., a minor child suffered injuries.

2. A confidential settlement was reached for Plaintiff L.S. with Defendants CCR and Jeanna Christine Tessensohn.

     3.     The parties agreed that Court approval of the minor's settlement should be obtained. Guardian ad litem Louis "Buck" Vocelle has been appointed in this matter. [DE 21, 22]

     4.     As part of the parties' settlement agreement, the parties agreed that the terms of the settlement would be kept confidential. The settlement agreement states the following as to confidentiality: "L.S.'s natural parents and legal guardians or court-appointed guardian ad litem will execute a Release of All Claims and Indemnification Agreement on Landon Smothers' behalf, which shall include an indemnity agreement and confidentiality agreement that keeps both the terms and the fact the case was settled confidential."

     5.     Likewise, the releases the parties have agreed upon further contain a similar confidentiality provision. The releases contain the following provision regarding confidentiality: "Releasor agrees that the terms, fact that there was any settlement, and circumstances of this settlement are strictly confidential and shall not be disclosed by Releasor to anyone not a party to this release, unless otherwise compelled by law, court order or as necessary to obtain to obtain approval for the resolution of L.S.'s claims against Releasees from the court with jurisdiction over this action."

     6.     On November 20, 2015, this Court denied Plaintiffs' Motion to Seal without prejudice to renew, if necessary. [DE 21] Therefore, Plaintiffs renew the motion with the agreement of Defendants and the guardian ad litem, but the renewed request is limited only with respect to the settlement amounts pursuant to the confidentiality provisions of the parties' settlement agreement and releases.

     7.     The parties wish to submit the documents pertinent to the settlement, along any report, findings and / or recommendations from the guardian ad litem, for this Court's consideration. Due to the parties' confidentiality agreement, the parties request, with the

agreement of the guardian ad litem, that the aforementioned documents from the guardian ad litem be filed, but the documents showing the settlement amounts to be done so under seal. In the alternative, the parties wish to file the aforementioned documents with only the settlement amounts redacted, including information regarding disbursements of the proceeds. The remainder of the documents and terms will not be redacted. The guardian ad litem would then file under seal the unredacted versions of the documents that show the settlement amounts or provide the non-redacted versions to this Court for an *in camera* review.

8. Filing the documents is necessary for the guardian ad litem to seek approval and filing a redacted or sealed version of the documents is necessary to preserve the parties' confidentiality agreement. The parties believe the only documents that would show the settlements amounts, which is the only information for which the parties seek to maintain confidentiality, would be the report by the guardian ad litem, the parties' settlement agreements and the releases. The only other means the parties are aware of to preserve the confidentiality agreement other than filing under seal is to redact the settlement amounts from the documents and provide unredacted versions for an *in camera* inspection. The parties would request the seal to remain in effect through conclusion of the settlement approval process of L.S.'s settlement.

## **MEMORANDUM OF LAW**

9. Pursuant to Local Rule 1.09, the parties seek Court Approval of the minor settlement at issue under seal for protection of the parties' entered-into settlement agreement. Rule 1.09 sets forth factors to be addressed by the parties, which have been address above.

10. Although the parties recognize the public does have the right to information pertaining to the lawsuit, in most cases when parties settle, the Court does not examine or

approve the agreements and the settlements are purely private contracts. *See Bartelloni v. DeCastro*, No. 05-80910-CIV-COHN, 2007 WL 2155646, at *1 (S.D. Fla. July 26, 2007).

11. However, due to the nature of L.S. being a minor and pursuant to agreement by the parties, the parties are seeking approval of L.S.'s settlement in this case, but request that the settlement amounts as to the settlements are kept confidential. *See* Fla. Stat. § 744.3025(3) ("A settlement of a claim pursuant to this section ["Claims of minors"] is subject to the confidentiality provisions of this chapter."); *see also* Fla. Stat. § 744.3701(1) ("Unless otherwise ordered by the court, upon a showing of good cause, an initial, annual, or final guardianship report or amendment thereto, or a court record relating to the settlement of a claim, is subject to inspection only by the court, the clerk or the clerk's representative, the guardian and the guardian's attorney, the guardian ad litem with regard to the settlement of the claim, the ward if he or she is at least 14 years of age and has not been determined to be totally incapacitated, the ward's attorney, the minor if he or she is at least 14 years of age, or the attorney representing the minor with regard to the minor's claim, or as otherwise provided by this chapter."); *see also* Fla. Stat. § 744.3701(3) ("A court record relating to the settlement of a ward's or minor's claim, including a petition for approval of a settlement on behalf of a ward or minor, a report of a guardian ad litem relating to a pending settlement, or an order approving a settlement on behalf of a ward or minor, is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and may not be disclosed except as specifically authorized.").

12. Without proceeding with the settlement approval process in a manner to maintain confidentiality as to the settlement amounts, the parties will be forced to disclose the amounts of the settlements to the public despite their prior agreement to maintain confidentiality as to the terms of the settlements. The parties are unable to identify any other method of obtaining Court

approval for the aforementioned settlement without the disclosing of the amounts of the settlement. As such, Plaintiffs seek to file the documents that would contain the settlement amounts under seal, or in the alternative, to redact the settlement amounts from those documents to be filed with the court and to provide unredacted versions to the Court for an *in camera* review.

13. Upon a balancing of the test of the right of access to the courts and the ultimate harm to the parties, the parties believe the potential for negative consequences outweigh the interest the public may have in the specific settlements amounts of the settlements in this case, and that there is good cause to keep the limited information of the amounts private. *See Breedlove v. Hartford Life & Accident Ins. Co.*, No. 6:11-cv-991-Orl-28TBS, 2013 WL 1935251 (M.D. Fla. May 9, 2013). While the parties recognize that generally settlement agreements will not be sealed, the parties are seeking that only the settlement amounts, and not the agreement or other terms, be kept confidential pursuant to the parties' confidentiality agreement, especially in light of the settlement involving a claim of a minor. *See e.g., Siemens Industry, Inc. v. SIPCO, LLC*, No. 1:10-cv-2478-JEC, 2013 WL 2285564, *2 (N.D. Ga. May 23, 2013) (granting motions to seal "because the referenced filings include and restate the material provisions of a confidential settlement agreement"); *see e.g., Vazquez v. 1052 LLC*, No. 15-22677-Civ, 2016 WL 541432, n. 1 (S.D. Fla. Feb. 11, 2016) ("Since the parties submitted their fully executed Settlement Agreement to the Court for an *in camera* inspection, I will maintain the agreement's confidentiality and refrain from disclosing the exact settlement amount.").

14. The Defendants have a legitimate interest in keeping the amount they pay in settlements confidential so as to not impact other litigation or claims by providing a subjective value of cases to other claimants and litigants. Furthermore, the documents at issue also discuss

the settlement terms and amounts for Plaintiff Stacey Smother's settlement, which is not at issue in the approval process of L.S.'s settlement, and which would generally remain a confidential settlement without the need of filing its terms in the public record. Plaintiffs have an interest in keeping the amount of money they receive confidential so that others are not made aware of the income received as a result of this litigation. Having the settlement amounts made public could adversely impact the parties' abilities to negotiate and evaluate future claims and lawsuits.

15. The parties do not seek the withholding of any other information relating to the case at issue unrelated to the settlement amount(s).

## LOCAL RULE 3.01(g) CERTIFICATE

16. The undersigned discussed the relief sought in this motion with the parties and the guardian ad litem and all agree to the relief sought in this motion.

WHEREFORE, Defendant Coca-Cola Refreshments USA, Inc., upon agreement by all parties, respectfully requests that this Court enter an Order permitting settlement to proceed under seal pursuant to Local Rule 1.09 for the limited purposes outlined above and for such other relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing Agreed Motion with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Joseph H. Graves, Esquire at Pleadings@gravesinjury.com (Counsel for Plaintiffs) and to Christopher T. Hill, Esquire at filings@hrkmlaw.com, chill@hrkmlaw.com, and amanda@hrkmlaw.com and to Louis B. Vocelle (Guardian Ad Litem for L.S., minor child) at

bvocelle@vocelleberg.com, courtdocs@vocelleberg.com and pyount@vocelleberg.com this 17th day of March, 2016.

/s/ Jessica A. Tetrick
Robert L. Blank, Esquire
Florida Bar No. 0948497
E-mail: rblank@rumberger.com (primary)
E-mail:rblanksecy@rumberger.com
docketingtpa@rumberger.com (secondary)
Jessica A. Tetrick, Esquire
Florida Bar No. 085506
E-mail: jtetrick@rumberger.com (primary)
E-mail: docketingtpa@rumberger.com and
jtetricksecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida 33601-3390
Telephone: (813) 223-4253
Telecopier: (813) 221-4752

Mary A. Nardella, Esquire
Florida Bar No. 0058896
E-Mail:mnardella@rumberger.com (primary)
E-mail: docketingorlando@rumberger.com and
E-Mail:mnardellasecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

*Attorneys for Coca-Cola Refreshments USA, Inc.*

8831864.1